UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                         No. 3:19-CR-30002-002

WALTER ANTONIO ALVAREZ                                                                    DEFENDANT

**OPINION AND ORDER**

Defendant Walter Antonio Alvarez filed a motion (Doc. 104) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c). The Government filed a response (Doc. 105) in opposition. Defendant filed a reply (Doc. 106) to the Government's response. The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

On August 7, 2019, Defendant pled guilty to knowingly conspiring to distribute more than five hundred grams of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A(vii), and 846. On December 17, 2019, Defendant was sentenced to 120 months of imprisonment and five years of supervised release—the mandatory minimum terms of each

The motion will be denied in this case because the § 3553(a) factors (in particular, the nature and circumstances of the offense and the need to reflect the seriousness of the offense) do not support modification of Defendant's sentence. Defendant conspired with codefendants Jason

Alvarez and Daniel Perez-Lebron to manufacture, store, and distribute methamphetamine. Jason Alvarez, who was involved in money laundering and drug trafficking since 2013, received multiple shipments of 110 pounds of methamphetamine, which he would store at Defendant's house. A search warrant was executed at Defendant's home and the search revealed 29 bags of suspected methamphetamine with an approximate weight of 140 pounds, along with liquid used to produce methamphetamine. (Doc. 79, ¶ 64). Testing revealed the suspected methamphetamine equated to 53.10 kilograms of actual methamphetamine. Officers also seized a .22 caliber rifle and a 12-gauge shotgun from the home. After the Defendant realized the methamphetamine had been taken from his house, he called Jason Alvarez to tell him the meth had been stolen. The defendant and Jason Alvarez conspired to tell law enforcement officers the defendant had been in Venezuela and was unaware of what was going on in his house. However, the defendant was aware of the extent of the drug trafficking organization, which was responsible for one of the largest amounts of methamphetamine this Court has seen. At sentencing, the Court imposed a sentence of 120 months, which was the statutory mandatory minimum and a 142-month variance from Defendant's guideline range. Defendant has only been incarcerated for 18 months, and the Court finds this is not enough time to reflect the seriousness of the offense. Because of the nature and circumstances of the offense and the amount of time Defendant has remaining on his sentence, the 3553(a) factors do not support modification.

      IT IS THEREFORE ORDERED that Defendant's motion (Doc. 104) will be DENIED.

      IT IS SO ORDERED this 3rd day of December, 2020.

                                          /s/P. K. Holmes, III
                                          P.K. HOLMES, III
                                          U.S. DISTRICT JUDGE