UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    No. 3:19-CR-30002-002

WALTER ANTONIO ALVAREZ                                    DEFENDANT

## OPINION AND ORDER

Defendant Walter Antonio Alvarez filed a third motion (Doc. 114) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c).  The Government filed a response (Doc. 117) in opposition and, with leave of Court, filed an exhibit under seal (Doc. 118). The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification.  18 U.S.C. § 3582(c).

On August 7, 2019, Defendant pleaded guilty to conspiracy to distribute more than five hundred grams of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), and 846.  On December 17, 2019, Defendant was sentenced to the mandatory minimum term of imprisonment of 120 months and five years of supervised release.

On October 9, 2020, Defendant filed his first motion for compassionate release, which was denied on July 1, 2021 because the 3553(a) factors did not support a modification of Defendant's sentence.  On January 11, 2021, Defendant filed his second motion for compassionate release

citing identical grounds to those identified in his first motion. This second motion was denied on July 1, 2021. Though the instant motion cites similar grounds for modification of sentence as the first two motions, since filing his second motion Defendant has suffered a mild stroke, and the Court interprets Defendant's motion as filed on new grounds.

The motion will be denied in this case because Defendant has not exhausted his administrative remedies and the § 3553(a) factors do not support modification of Defendant's sentence. To begin, it does not appear Defendant has filed a petition for compassionate release through the Warden of FCI Forrest City since his change in condition, and thus his administrative remedies have not been exhausted.

Even had Defendant exhausted his administrative remedies, the nature and circumstances of the offense and the need to reflect the seriousness of the offense still do not support modification of Defendant's sentence. As was set out in full in the Court's first order denying Defendant's motion to reduce sentence (Doc. 107), Defendant was involved in a drug trafficking organization which was responsible for one of the largest amounts of methamphetamine this Court has seen. Defendant received a 142-month downward variance when he was sentenced to the mandatory minimum sentence of 120 months, and he has been incarcerated for approximately 32 months. The Court finds this is not enough time to reflect the seriousness of the offense. Because of the nature and circumstances of the offense and the amount of time Defendant has remaining on his sentence, the 3553(a) factors do not support modification.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 114) will be DENIED.

IT IS SO ORDERED this 14th day of December, 2021.

/s/ P. K. Holmes, III

P.K. HOLMES, III
U.S. DISTRICT JUDGE